[S. F. No. 465.   Department Two.—June 3, 1897.]

DENIS J. MEHERIN ET AL., APPELLANTS, *v.* THE SAN FRANCISCO PRODUCE EXCHANGE, RESPONDENT.

PRODUCE EXCHANGE—SUSPENSION OF MEMBERS—ACTION TO COMPEL REINSTATEMENT — LACHES.—Persons suspended from membership in a produce exchange, who for more than seven years after the passage of a resolution suspending them from membership, acquiesced in the suspension, and took no steps to set it aside, and made no demand for reinstatement until six years thereafter, there being no circumstances to excuse the delay, are guilty of such laches as will bar an action to compel reinstatement.

ID.— DEMAND—REASONABLE TIME—STATUTE OF LIMITATIONS.— Where a demand is required before action, the party whose duty it is to make it must make it within a reasonable time, and he cannot indefinitely extend the statute of limitations by failing to make a demand; and if it is not made within the time limited for bringing the action, the action is barred.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   JAMES M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*Mullany, Grant & Cushing,* for Appellant.

*Bishop & Wheeler,* for Respondent.

McFARLAND, J.—The plaintiffs constitute a partnership under the firm name of Meherin Brothers, and as such were a member of the defendant, which is a corporation very similar in its character and purposes to the other numerous produce exchanges throughout the country, described by Messrs. Bisbe and Simonds in their treatise on the "Law of the Produce Exchange." On November 12, 1884, the defendant, by a unanimous vote of its governing body, suspended the plaintiffs from membership privileges, until certain decisions recited in the resolution of suspension as having been made by the arbitration committee and the committee of appeals of the defendant should be complied with.   On the

fourth day of June, 1892, the plaintiffs commenced this action for the purpose of having it adjudged that they were a member in good standing of the defendant, and entitled to all the rights, privileges, etc., of such member, and that the defendant corporation be adjudged to permit plaintiffs to exercise all their rights as a member thereof, and that plaintiffs also have judgment against defendant for twenty thousand dollars damages for exclusion from said privileges. The case was tried without a jury. The court made findings and rendered judgment for the defendant; and plaintiffs appeal from the judgment and from an order denying their motion for a new trial.

A great deal of the testimony, most of the findings, and the main parts of the arguments and briefs of counsel were directed to certain matters which occurred on a trial of plaintiffs for an alleged violation of their duties as a member of the defendant before a certain arbitration committee and a committee on appeals of the defendant, and other matters touching the character and purpose of the defendant, its powers, the sufficiency of notices given appellants of the trial before said committees, etc. The findings of the court upon all of these matters were in favor of respondent, but we do not deem it necessary to follow counsel in their elaborate arguments of these points, because we think that the judgment must be affirmed for another reason. The court, among other things, found as follows: "That plaintiffs, and each of them, for more than seven and a half years after the said resolution of the board of directors of the corporation defendant suspending them from membership, acquiesced in such suspension, and took no steps whatever to set aside such suspension, and were and are guilty of laches in the premises, and that no fact or circumstance has been shown to the court tending to excuse the same, or to counteract the effect thereof." The foregoing was among the findings of fact; and the court among its conclusions of law found: "That even if otherwise entitled to relief, plaintiffs are, and each of them is,

barred in equity by their laches in not sooner instituting this action." We think that these findings are fully warranted by the evidence and the law. Whether or not the plaintiff has been guilty of laches in any particular case is a question very largely within the province of the trial court. As was said in *Chapman* v. *Bank of California,* 97 Cal. 159: "The matter is one which is left to the sound discretion of the chancellor in each case. The learned judge of the court below found that the plaintiff's cause of action was barred by his laches, and the finding must stand." If the plaintiffs ever had a cause of action at all, such action accrued at the time that the resolution of suspension was passed, which was nearly eight years before the commencement of the action. The respondent has done no other act in the premises since the passage of the resolution of suspension. On the 11th of August, 1890, appellants demanded of respondents that they be permitted to exercise the rights of a member in good standing of said defendant; but that does not put any different phase on the question, and this demand itself was not made until six years after the suspension. It is not necessary to consider whether or not such a demand was necessary before the commencement of the action, because if such a demand was necessary, it should have been made within a reasonable time, which would have been at least within the statutory period of limitations after the order of suspension. In such a case a party cannot extend the statute of limitations indefinitely by failing to make a demand. Opinion by Beatty, C. J., in *Bills* v. *Silver King Min. Co.,* 106 Cal. 21; *Prescott* v. *Gonser,* 34 Iowa, 179; *Baker* v. *Johnson Co.,* 33 Iowa, 151; *Codman* v. *Rogers,* 10 Pick. 119. In the case last cited the court say: "A party must not be permitted to sleep over his rights to the prejudice of the party on whom he makes the claim, who, by the delay, may be deprived of the evidence and means of effectually defending himself. A demand must be made within a reasonable time; otherwise the claim is considered stale, and no relief will be

granted in a court of equity. What is to be considered a reasonable time for this purpose does not appear to be settled by a precise rule. It must depend on circumstances. If no cause for delay be shown it would seem reasonable to require the demand to be made within the time limited by the statute for bringing the action. There is the same reason for hastening the demand that there is for hastening the commencement of the action; and, in both cases, the same presumptions arise from delay." In the case at bar the court found that there were no circumstances to excuse the delay; and this finding cannot be successfully attacked. It is true that the appellants paid certain dues and assessments, but they were those for which a suspended member was liable. The evidence does not show any act done by respondent preventing appellants from exercising their rights of membership other than the suspension by the resolution of November 12, 1884; so that the situation of the parties, with respect to the right of the appellants to the privileges of a member of the defendant, was exactly the same at the time this suit was brought as it was at the time of the suspension. The resolution of suspension prevented appellants from exercising any of the rights of a member of respondent; and appellants so understood it from the date of its adoption. Therefore appellants' cause of action, if any they ever had, accrued in November, 1884.

The judgment and order appealed from are affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.