[Civ. No. 5134. Third Appellate District.—January 17, 1935.]

JOSEPH SLYE, Respondent, v. M. J. BROCK et al., Appellants.

W. E. Wright and Robert W. Tharp for Appellants.

Vernon Stoll for Respondent.

THOMPSON, J.—The defendants have appealed from a judgment which was rendered against them in a suit for declaratory relief under the provisions of section 1060 of the Code of Civil Procedure.

This proceeding determines the rights of the respective parties to this suit respecting the property which is involved in a written agreement for the sale thereof. The property consists of shares in the Grass Valley Boundary Mines Company, a corporation, and claims against that company, together with specified mining claims and other real property. Some of the shares of the mining corporation were deposited in escrow. The real property includes lot 5, block 21, of the city of Grass Valley according to the official plat thereof, and two other mining claims known as "Gamblers" and "Church Hill" quartz claims in that vicinity.

The written agreement for the sale of this property was executed by the respective parties on July 30, 1932. The only portion of that agreement which is involved in this proceeding reads as follows:

"Now, *upon demand* of Joseph Slye, Trustee, or his nominee, conveyance of said real property and all of the certificates representing shares of stock above enumerated and including any other shares now owned and held by said parties, or in anywise or at all *the property* of said persons or in which they now have any interest whatsoever, together with *all of the properties hereinabove mentioned* as being the property of said persons, *shall be sold and delivered* to said Slye, Trustee, upon the payment therefor of the sum of forty-five thousand dollars; it is understood that if said sum shall be made from a sale of the Grass Valley Boundary Mines Company property that said parties shall receive one-fifth of each and every payment made upon account of said purchase of said Grass Valley Boundary Mines Company property, and that at least one-half of said principal sum shall be paid within one year from the date hereof and the remaining one-half within two years, upon the delivery of good and merchantable titles,—it being understood that transfer of claims may be made upon filings already had, save and except surveying and platting hereinabove provided to be immediately done by M. J. Brock. If, however, said property shall be disposed of and paid for at any earlier date then the balance of moneys then due and payable to said parties shall be forthwith paid."

A controversy arose between the parties to the agreement respecting the construction of the preceding paragraph thereof. The defendants claim that the purchase of the property is to be completed within two years from the date of the contract, and that one-half of the purchase price of the property, which is fixed at $45,000, is to be paid within one year of the date of the agreement, or the contract becomes void. On the contrary, the plaintiff claims there is no specific limitation of time within which the property may be purchased, except that it must be conveyed "upon demand of Joseph Slye", with the proviso that if the Grass

Valley Boundary Mines property is sold for $45,000, one-half of that sum must be paid within one year and the balance within two years of the date of the contract.

The trial court adopted findings to the effect that the Grass Valley Boundary Mines had not been sold; that no demand for the conveyance of the property or any portion thereof was made, that this demand may be made at any time within four years from the date of the agreement, and that no money is due upon the purchase price of the property. Judgment was rendered accordingly. From that judgment the defendants have appealed.

We are of the opinion the trial court correctly construed the paragraph above quoted. The contract fails to limit the time within which the property shall be sold and conveyed. It specifically provides that the property shall be sold and conveyed "upon demand". It reads in that regard: "*Upon demand* of Joseph Slye, . . . said real property and all of the certificates representing shares of stock, . . . shall be sold and delivered . . . upon the payment therefor of the sum of forty-five thousand dollars;." Following the semicolon which appears after the statement of the sum for which the property is to be sold there is a proviso or condition which is limited solely to the sale of the Grass Valley Boundary Mines property and does not affect the other property mentioned in the contract. This proviso reads in part: "*If said sum* shall be made from the sale of the Grass Valley Boundary Mines Company property . . . said parties shall receive one-fifth of each and every payment made" upon that particular specified property. It is further provided that in the event of the sale of that Grass Valley Boundary Mines property, "at least one-half of said principal sum shall be paid within one year from the date hereof and the remaining one-half within two years". And finally it is specifically covenanted that "If . . . said property shall be disposed of and paid for at any earlier date then the balance of moneys then due and payable to said parties shall be *forthwith paid.*"

The language with relation to the limitation of time may be reasonably construed to mean that *if* the Grass Valley

Boundary Mines property is sold for $45,000 within one year of the date of the instrument, which is July 30, 1932, then one-half of the purchase price of that particular property must be paid to the owners thereof within one year, and the balance shall be paid within two years therefrom. This is an acceleration clause requiring payment of the purchase money only in the event of a sale of that particular property. It follows that in the event that property is not sold within two years from the date of the contract, then it must be sold and conveyed *upon demand* within a reasonable time thereafter. Apparently the proviso which follows the semicolon referred to relates only to the limitation of time within which such money as may be collected on the sale of the Grass Valley Boundary Mines property shall be paid to the owners thereof.

It seems apparent from the language of the written agreement for sale of the property that the parties contemplated that Slye might be able to sell the Grass Valley Boundary Mines property to some purchaser thereof for the sum of $45,000, which was the full stipulated purchase price of all of the properties involved in the contract. In that event Slye would be entitled to a conveyance of all the other properties involved without further consideration. If that was the intention of the parties, it would account for the conditional clause in dispute to the effect that if Slye found a purchaser of the Grass Valley Boundary Mines property for the full sum of $45,000, he was required to pay to the vendors one-half of that sum within one year of the date of the instrument, and the balance within two years therefrom. But he did not sell that property, and he received no money on account of sales of any of the property. It follows that since no absolute limitation of time within which the option to purchase the property is fixed by the contract, Slye was entitled to a reasonable time within which to demand a conveyance thereof upon tendering to the owners the entire purchase price.

The authorities are in accord to the effect that when a contract for the sale of property fails to limit the time within which it may be performed, a reasonable time is allowed therefor. (Sec. 1657, Civ. Code; *Williams* v. *Bergin,*

116 Cal. 56 [47 Pac. 877] ; 6 Cal. Jur., p. 218, sec. 143; 6 R. C. L., p. 646, sec. 60.) Section 1657 of the Civil Code provides in that regard: "If no time is specified for the performance of an act required to be performed, a reasonable time is allowed." The question as to what constitutes a reasonable time for the performance of acts depends on the circumstances of each particular case.

Since the time within which the property in question was authorized by the contract to be sold is not limited, and the written instrument specifically provides that it must be "sold and delivered" *upon demand,* in the absence of a showing of an abandonment or inability to fulfill the agreement, it may be terminated only upon demand.

It has been held that in the absence of a stipulated time within which a contract must be fulfilled, where a demand therefor is necessary, such demand may be made within the time limited by statute for the maintenance of an action for breach of the contract or for the termination thereof. (*Meherin* v. *San Francisco Produce Exchange,* 117 Cal. 215 [48 Pac. 1074] ; *Caner* v. *Owners Realty Co.,* 33 Cal. App. 479 [165 Pac. 727] ; *Tisdale* v. *Bryant,* 38 Cal. App. 750 [177 Pac. 510].) In the Meherin case, *supra,* it is said in that regard:

"What is to be considered a reasonable time for this purpose (of demand) does not appear to be settled by a precise rule. It must depend on circumstances. If no cause for delay be shown it would seem reasonable to require the demand to be made within the time limited by the statute for bringing the action."

The statutory limitation for commencing an action "founded upon an instrument in writing" is four years from the date thereof. (Sec. 337, Code Civ. Proc.) In the present proceeding the court found that the demand for conveyance of the property could be made within four years of the date of the contract. Owing to the nature of the mining property which is involved in this suit, that might be deemed to be an unreasonable length of time for the exercise of the option to purchase the property. But the record contains no evidence to support the appellants' contention

that four years is an unreasonable time within which to make a demand for conveyance. In the absence of evidence to the contrary, we are of the opinion that the court properly found that the demand could be lawfully made within four years of the date of the instrument.

The judgment is affirmed.

Pullen, P. J., and Plummer, J., concurred.