[No. S156797. Dec. 22, 2008.]

SUNIL PATEL, Plaintiff and Respondent, v.
MORRIS LIEBERMENSCH et al., Defendants and Appellants.

COUNSEL

Lee R. Goldberg for Defendants and Appellants.

Mitchell & Gilleon, James C. Mitchell and Daniel M. Gilleon for Plaintiff and Respondent.

## OPINION

**CORRIGAN, J.**—In this action for specific performance of a real estate option contract, the Court of Appeal reversed a judgment for the plaintiff. Over a vigorous dissent, the court held that the contract was too uncertain to enforce because it lacked the essential terms of time and manner of payment. We reverse. It is settled that if a contract for the sale of real property specifies no time of payment, a reasonable time is allowed. The manner of payment is also a term that may be supplied by implication, and was not significantly uncertain in this case. The Court of Appeal majority erred by failing to enforce a straightforward option contract. It also improperly relied on the

parties' conduct after their dispute arose to conclude that they had failed to reach a binding agreement.

## BACKGROUND

Defendant Morris Liebermensch and his wife Zita owned a condominium unit in San Diego, through a family partnership. They acquired the property with the idea that one of their children might want to live there after finishing college. However, none of the children used the unit, and it was vacant in July 2003 when plaintiff Sunil Patel expressed interest in leasing the property with an option to buy. On July 25, Liebermensch faxed Patel the following proposal:

"We propose to rent our condominium at 7255 Navajo Road, Apt. #370, San Diego, CA 92119 at a monthly rate of $1,400.00 starting August 7, 2003 for one year ending August 6, 2004; with a security deposit of $1,200.00 and the following option to buy:

"Through the end of the year 2003, the selling price is $290,000. The selling price increases by 3% through the end of the year 2004 and cancels with expiration of your occupancy. Should this option to buy be exercised, $1,200.00 shall be refunded to you.

"Please indicate your acceptance by signing below and returning to me at the above referenced fax."

Patel signed the proposal, with a handwritten amendment providing an option to renew until August 2005. Zita Liebermensch prepared a form rental agreement, adding a paragraph stating "OPTION TO BUY IS ATTACHED." Patel and Morris Liebermensch signed the agreement. Liebermensch also signed the option proposal and initialed Patel's amendment.

In July 2004, Patel sent Liebermensch a letter, enclosing a notice that he was exercising the option to purchase for the agreed price of $298,700. In the letter, he said he and his wife were "anxious to complete the purchase as soon as reasonably possible so as to take advantage of the current interest rates." Liebermensch sent Patel a purchase agreement dated August 16, 2004, referring to the parties' option agreement and Patel's notice exercising the option. The purchase agreement included an "as is" clause, a requirement of a 10 percent deposit with the escrow company, and a specification that "The SELLER will require ninety (90) days or sooner to close escrow with the right to extend the closing for an additional thirty (30) days if necessary in order to exercise a 1031 exchange." At trial, Liebermensch conceded that the parties had not previously discussed the subject of a tax-deferred

exchange under 26 United States Code section 1031 (section 1031 exchange). Mrs. Liebermensch testified that she and her husband had not discussed the matter in 2003 when the option contract was negotiated, although she was familiar with the subject of section 1031 exchanges.

Patel responded with a proposed agreement in which the "as is" clause was qualified by giving the buyer an option to cancel if not fully satisfied, and which provided that if the seller required more than 30 days to close escrow, the deposit would be reduced to $5,000 and the seller would "be responsible for all escrow and other expenses after 30 days of opening escrow." Patel testified that he included the latter clause because his mortgage broker had informed him an interest rate could not be guaranteed for as long as 90 to 120 days.

Liebermensch rejected this proposal. According to Patel, Liebermensch told him "if you want to buy the condominium, you buy it on my bid." At some point, Patel and his wife Bela signed Liebermensch's original purchase agreement and sent it to Liebermensch. However, Liebermensch did not respond.

Patel filed suit, seeking specific performance of the option agreement. The jury returned special verdicts finding that the parties had entered into an option contract giving Patel the right to purchase the property, and that the terms of the contract were sufficiently clear to carry out its objective.[1] Based on those verdicts, the trial court entered judgment granting Patel specific performance. The parties were required to perform their respective duties under the contract within 60 days after the notice of entry of judgment was mailed.

The Court of Appeal reversed, in a split decision. The majority reasoned that the Liebermensches were bound by the terms of the option contract only if it included all the essential terms of a real estate purchase contract. Here, the contract did not specify the time or manner of payment. The majority decided that, while it might be reasonable in some circumstances to imply standard terms on these points into the contract, here it was not. The majority noted the tax consequences facing the Liebermensches, and concluded that the parties' ongoing dispute over economic conditions after Patel exercised the option demonstrated they had never agreed on all material terms of the transaction.

---

[1] The latter issue was improperly presented to the jury. Whether a contract is certain enough to be enforced is a question of law for the court. (*Bustamante v. Intuit, Inc.* (2006) 141 Cal.App.4th 199, 208–209 [45 Cal.Rptr.3d 692]; cf. *Sterling v. Taylor* (2007) 40 Cal.4th 757, 771 [55 Cal.Rptr.3d 116, 152 P.3d 420].) However, as noted by the dissenting justice below, the correct result was reached in the trial court despite the error.

The dissenting justice would have supplied terms for time and manner of payment by implication, allowing a reasonable time and assuming that the manner of payment was cash or cash equivalent upon delivery of the deed. The dissent faulted the majority for relying on negotiations arising after Patel exercised his option.

We granted Patel's petition for review.

## DISCUSSION

■ Settled principles of contract law govern this case. The equitable remedy of specific performance cannot be granted if the terms of a contract are not certain enough for the court to know what to enforce. (Civ. Code, § 3390, subd. 5; *Buckmaster v. Bertram* (1921) 186 Cal. 673, 676 [200 P. 610].) However, " ' "[t]he law does not favor but leans against the destruction of contracts because of uncertainty; and it will, if feasible, so construe agreements as to carry into effect the reasonable intentions of the parties if [they] can be ascertained . . . ." ' " (*McIllmoil v. Frawley Motor Co.* (1923) 190 Cal. 546, 549 [213 P. 971]; accord, *Bohman v. Berg* (1960) 54 Cal.2d 787, 797 [8 Cal.Rptr. 441, 356 P.2d 185] (citing cases); *Blackburn v. Charnley* (2004) 117 Cal.App.4th 758, 766 [11 Cal.Rptr.3d 885]; *Okun v. Morton* (1988) 203 Cal.App.3d 805, 817 [250 Cal.Rptr. 220].)

■ "An agreement for the purchase or sale of real property does not have to be evidenced by a formal contract drawn with technical exactness in order to be binding." (*King v. Stanley* (1948) 32 Cal.2d 584, 588 [197 P.2d 321] (*King*).) "Equity does not require that all the terms and conditions of the proposed agreement be set forth in the contract. The usual and reasonable conditions of such a contract are, in the contemplation of the parties, a part of their agreement. In the absence of express conditions, custom determines incidental matters relating to the opening of an escrow, furnishing deeds, title insurance policies, prorating of taxes, and the like. [Citations.] The material factors to be ascertained from the written contract are the seller, the buyer, the price to be paid, the time and manner of payment, and the property to be transferred, describing it so it may be identified [citations]." (*Id.* at pp. 588–589.)

Here, the Court of Appeal agreed with the Liebermensches that the absence of terms specifying the time and manner of payment made the parties' contract too uncertain to enforce. It is clear, however, that there was no substantial dispute or uncertainty over the *manner* of payment by Patel.[2]

---

[2] It is not clear why the *King* court included "manner of payment" in its recitation of material terms. (*King, supra,* 32 Cal.2d at p. 589.) The supporting authority cited in *King* does

While the purchase agreement drafted by Liebermensch after Patel exercised his option added a requirement that Patel make a "good faith" 10 percent deposit with the escrow company, and Patel countered with a deposit proposal of his own, these were merely incidental matters that had no effect on the ultimate payment to be received by the Liebermensches at the close of escrow.[3] It was the length of the escrow period, unspecified in the contract, that was the sticking point. *King*, however, makes it plain that the escrow period is not a necessary term in a contract of sale, and that in any event "time of payment" is a contract term determinable by implication as a matter of law.

The contract in *King*, evidenced by an exchange of letters between the parties, made no reference to time of payment or the period of escrow. (*King, supra*, 32 Cal.2d at pp. 586–587.) The defendant claimed the escrow instructions included terms to which she had not agreed. (*Id.* at p. 589.) This court rejected her arguments, reasoning in part as follows:

"The escrow instruction signed by the plaintiff that he was to pay the seller's title and escrow charges constituted compliance with the defendant's condition [that plaintiff would take care of escrow expenses], *which was unaffected by the addition of the 30-day time limitation*. In a contract for the sale of real estate the delivery of the deed and the payment of the purchase price are dependent and concurrent conditions (Civ. Code, § 1657; *Cates* v. *McNeil* [(1915)] 169 Cal. 697, 706 [147 P. 944]; *Whittier* v. *Gormley* [(1906)] 3 Cal.App. 489 [86 P. 726]). But it was well within the contemplation of the parties that the money should remain in the escrow for such time as would be necessary to determine the matter of merchantable title, and 30 days is a reasonable time for that purpose. *Inasmuch as the instructions were merely supplementary to the executory contract and not the contract itself*, the parties could have arranged for a different period . . . ." (*King, supra*, 32 Cal.2d at pp. 590–591, italics added.)

not refer to the subject. (*Breckinridge* v. *Crocker* (1889) 78 Cal. 529 [21 P. 179]; *Grafton* v. *Cummings* (1878) 99 U.S. 100 [25 L.Ed. 366]; *O'Donnell* v. *Lutter* (1945) 68 Cal.App.2d 376 [156 P.2d 958]; see *King, supra*, 32 Cal.2d at p. 589.) In any event, the manner of payment, like the time of payment, is a matter that may be determined by reference to custom and reason when the contract is silent on the question. (*Vezaldenos* v. *Keller* (1967) 254 Cal.App.2d 816, 825 [62 Cal.Rptr. 808]; *Dennis* v. *Overholtzer* (1960) 178 Cal.App.2d 766, 775 [3 Cal.Rptr. 193], disapproved on other grounds in *Ellis* v. *Mihelis* (1963) 60 Cal.2d 206, 221 [32 Cal.Rptr. 415, 384 P.2d 7].) This is not a case in which financing provisions were included in the contract but with insufficient certainty to protect the seller's interests. (Cf. *Krasley* v. *Superior Court* (1980) 101 Cal.App.3d 425, 430–431 [161 Cal.Rptr. 629]; *Stockwell* v. *Lindeman* (1964) 229 Cal.App.2d 750, 756–758 [40 Cal.Rptr. 555].)

[3] The trial court included no deposit requirements in its grant of specific performance. The Liebermensches have taken no exception to this omission, either in the Court of Appeal or in this court.

■ Thus, while parties are obviously free to include escrow specifications in the contract of sale, they are not necessary terms. Insofar as the period of escrow effectively determines the time of payment, the provisions of Civil Code section 1657 apply to the interpretation of the contract: "If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly—as, for example, if it consists in the payment of money only—it must be performed immediately upon the thing to be done being exactly ascertained."

■ A legion of cases supports the proposition that a reasonable time for payment may be implied in a contract for the sale of real property.[4] Under Civil Code section 1657, the purchase price is deemed payable upon delivery of the deed. (*King, supra,* 32 Cal.2d at p. 590; *Whittier v. Gormley, supra,* 3 Cal.App. at p. 491.)

■ The Court of Appeal majority recognized that a reasonable period may be supplied by implication, but decided that here the parties' unsuccessful attempts to complete the transaction showed the option agreement did not represent a meeting of the minds on all essential terms. This was error. The parties' conduct subsequent to the formation of a contract, "including the dispute which arises and the remedy sought," may be relevant in determining which terms they considered essential. (Rest.2d Contracts, § 131, com. g, p. 338; see *Seaman's Direct Buying Service, Inc. v. Standard Oil Co.* (1984) 36 Cal.3d 752, 762–763 [206 Cal.Rptr. 354, 686 P.2d 1158]; *House of Prayer v. Evangelical Assn. for India, supra,* 113 Cal.App.4th 48, 53–54.) However,

---

[4] E.g., *King, supra,* 32 Cal.2d at page 590; *Cates v. McNeil, supra,* 169 Cal. at page 706; *Copple v. Aigeltinger* (1914) 167 Cal. 706, 709 [140 P. 1073]; *House of Prayer v. Evangelical Assn. for India* (2003) 113 Cal.App.4th 48, 53–54 [7 Cal.Rptr.3d 24]; *Hastings v. Matlock* (1985) 171 Cal.App.3d 826, 838 [217 Cal.Rptr. 856]; *Henry v. Sharma* (1984) 154 Cal.App.3d 665, 669 [201 Cal.Rptr. 478]; *Vezaldenos v. Keller, supra,* 254 Cal.App.2d at page 825; *San Francisco Hotel Co. v. Baior* (1961) 189 Cal.App.2d 206, 213 [11 Cal.Rptr. 32], disapproved on other grounds in *Ellis v. Mihelis, supra,* 60 Cal.2d at page 216; *Greenstone v. Claretian Theo. Seminary* (1959) 173 Cal.App.2d 21, 32 [343 P.2d 161] (disapproved on other grounds in *Ellis, supra,* 60 Cal.2d at p. 216); *Dennis v. Overholtzer, supra,* 171 Cal.App.2d at page 775; *Slye v. Brock* (1935) 3 Cal.App.2d 670, 674–675 [40 P.2d 290]; *Fogler v. Purkiser* (1932) 127 Cal.App. 554, 558–559 [16 P.2d 305]; *Whittier v. Gormley, supra,* 3 Cal.App. at page 491.

Here, as in *House of Prayer v. Evangelical Assn. for India, supra,* 113 Cal.App.4th at page 53, "[d]efendants have cited no case, and we are aware of no case, that concludes an agreement to sell real property is invalid because the written agreement, sufficient in every other respect, omits the time of payment." The Liebermensches refer us to *Bruggeman v. Sokol* (1954) 122 Cal.App.2d 876 [265 P.2d 575]. There, however, far more than time and manner of payment was unresolved, including the price and description of the bulk of the property and the terms and conditions of interim financing. (*Id.* at pp. 881–882.)

Because time and manner of payment are terms that may be supplied by implication, it is inaccurate to refer to them as material elements that must appear in writing in every real estate sale agreement. (See *House of Prayer v. Evangelical Assn. for India, supra,* 113 Cal.App.4th at pp. 53–54; fn. 2, *ante.*) To the extent it imposes such a requirement, *King v. Stanley, supra,* 32 Cal.2d 584, is disapproved.

few contracts would be enforceable if the existence of subsequent disputes were taken as evidence that an agreement was never reached.

█ In this case, by signing the option contract the Liebermensches bound themselves to its terms. (*Palo Alto Town & Country Village, Inc. v. BBTC Company* (1974) 11 Cal.3d 494, 502–503 [113 Cal.Rptr. 705, 521 P.2d 1097].) They could have, but did not, provide for an extended escrow period in the contract. The Liebermensches suggest this was a matter left for future agreement, as in *Etco Corp. v. Hauer* (1984) 161 Cal.App.3d 1154 [208 Cal.Rptr. 118]. Not so. In *Etco* and similar cases, a provision specifically contemplating future agreement on an essential term was held unenforceable. " '[A] promise may be sufficiently definite when it contains an option given to the promisor or promisee, yet if an essential element is reserved for the future agreement of both parties, the promise can give rise to no legal obligation until such future agreement. Since either party by the terms of the promise may refuse to agree to anything to which the other party will agree, it is impossible for the law to affix any obligation to such a promise.' " (*Ablett v. Clauson* (1954) 43 Cal.2d 280, 284–285 [272 P.2d 753], quoting 1 Williston, Contracts (rev. ed. 1936) 131, § 45; see *Etco, supra*, at pp. 1156, 1158; see also *Roberts v. Adams* (1958) 164 Cal.App.2d 312, 316–318 [330 P.2d 900] (discussing cases).)

█ The parties here made no provision for future agreement. The essential terms of their option contract are easily ascertainable. In the absence of a specified time of payment, a reasonable period is allowable under Civil Code section 1657.[5] Even if the Liebermensches had shown that they were contemplating a section 1031 exchange when they agreed to the option contract, their undisclosed intentions would not have become part of the contract. "The mere state of mind of the parties is not the object of inquiry. The terms of the contract are determinable by an external, not by an internal standard—or by what has been termed the objective rather than the subjective test. (*Zurich etc. Assur. Co. v. Industrial Acc. Com.* [(1933)] 132 Cal.App. 101, 104 [22 P.2d 572].) Measured by any reasonable standard there is here mutual assent to a contract which is sufficiently certain so that the court was within its power in decreeing specific performance." (*King, supra*, 32 Cal.2d at pp. 591–592; see also 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, § 116, pp. 155–156.)

---

[5] The Liebermensches do not argue that the 60 days allotted by the trial court's judgment is an unreasonable period.

## DISPOSITION

We reverse the judgment of the Court of Appeal.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.