Filed 1/29/16  Ruiz v. Brown CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ARTHUR RUIZ,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>GAVESTON BROWN, as Successor Trustee, etc., et al.,<br><br>        Defendants and Respondents. | B260108<br><br>(Los Angeles County<br>Super. Ct. No. BC514824) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara  M. Scheper, Judge.  Affirmed.

        Sanford M. Ehrmann and Heleni E. Suydam for Plaintiff and Appellant.

        Elkin Gamboa & Ashkinadze, Regina Ashkinadze and Jessica Gamboa for Defendants and Respondents.

_____

Arthur Ruiz appeals from a judgment of dismissal following the trial court's sustaining of a demurrer without leave to amend to his second amended complaint. We affirm.

The second amended complaint, filed January 31, 2014, alleged causes of action for breach of contract and specific performance and named as defendants Franklin W. Sumner as Deceased Trustee to the Franklin W. Sumner Living Trust (Trust), the Trust, and Gaveston Brown. Ruiz alleged that "since approximately 1986," he had occupied the premises at 5342 Fountain Avenue in Los Angeles, which was owned by Franklin W. Sumner as Trustee of the Franklin W. Sumner Living Trust. Sumner died in April 2013 and Brown was the successor trustee. "Since approximately 1990," Sumner agreed to sell the property to Ruiz, as reflected in a handwritten letter to Ruiz, purportedly from Sumner, dated January 7, 2008, about 18 years later.

The letter, attached as exhibit A, stated: "Arthur, [¶] the following history of our agreement together broken down as follows. [¶] In 2006 my price for the property was $270,000.00. Prices of home during that period was $505,000.00. So I give you a break. 20 percent down of my $270,000.00 should be $54,000.00. You have paid in a total of $25,350.00 for 2006 & 2007 which I am willing to accept as your down payment. [¶] According to your article you sent me houses in Los Angeles fell 14 percent. So 14 percent of my $270,000.00 leaves $232,000.00. Subtracting your down payment of $25,350.00 still leaves a balance of $206,000.00 but I am willing to reduce my price again to $200,000.00 another discount of $6,000.00. $200,000.00 is the best I can do as my present selling price. [¶] If you are unable to get a loan then I would be willing to carry the loan based on a 30 year loan at 5 percent interest per month. Your monthly payment would be $1,073.66 you would have to pay 1/2 of the escrow chgs. There would be no need to be carry Title Insurance as the property is clear. Tell escrow this up front otherwise they will add a chg. for this. If you use a loan co., they will want this. [¶] Your best bet for an escrow would be your bank. Go into your bank up front and give them all the facts. $200,000.00 loan with no money down. 30 year loan at 5 per cent per month & ask them to give you the total estimated chgs. needed to open escrow. This is

2

necessary since no money is being put down.  If you are using a loan co. this will be not necessary since the chgs. will come out of the $200,000.  [¶]  I won't need to come into LA.  It can be taken care of by mail.  They will need my name, address & phone no.  Property taxes based on 200,000.00 is 1 percent 2,000.00 per year plus added chgs.  Have a good year."  There is a scrawled signature.

Ruiz alleged he "agreed to the terms by making payments to Defendant, some of which are reflected in Exhibit 'B' herein in which Defendant kept a running balance of the amounts owed from Plaintiff to Defendant on account of the purchase price, the last one being $137,000."  Exhibit B consists of five form receipts for $1,000 received from Ruiz, dated January 2010 and February, March, April, and May 2013, and printed with "rent must be paid in advance." (Capitalization omitted.)  Each states, "For rent of" the address "5342 Fountain Ave." in Los Angeles and "[t]o be applied to [d]own [p]ayment."  The receipts are signed by Sumner with the exception of the last two receipts for April 2013 and May 2013, which are signed by Brown.  The March 13, 2013 receipt has the notation "Bal $139,000.00."  Ruiz alleged that the identity of the property can be established by the letter's reference to "'the property' and 'houses in Los Angeles'" and the receipts' naming of the Fountain Avenue address; the letter "clearly set forth" "the acceptance by Plaintiff [sic] of different amounts of payments"; and "[t]he balance of the purchase price is $137,000.00, as set forth in the last receipt signed by Defendant Gaveston Brown on 5/13."  The parties' actions made clear the existing purchase agreement for the property, and Ruiz had done everything necessary "under the agreement except as prevented by Defendant who has refused to accept any further payments" since the litigation began.  Ruiz had filed his initial complaint in July 2013, three months after Sumner's death.

Ruiz alleged that the defendants had breached the agreement and he had suffered damages.  He also alleged he was due specific performance, and "[w]hen the actual balance owned by Plaintiff is actually ascertained, Plaintiff has the means and will to pay that balance and until he does so, he is the equitable owner of said property."

3

The defendants demurred to the second amended complaint as failing to state facts sufficient to constitute a cause of action, citing the statute of frauds. Ruiz responded, and defendants replied. The court sustained the demurrer without leave to amend, and granted defendants' motion to dismiss on October 8, 2014. Ruiz timely appealed.

We review de novo the trial court's sustaining of the demurrer, and determine whether the complaint states a cause of action. (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2009) 173 Cal.App.4th 1179, 1185–1186.) We review the denial of leave to amend for an abuse of discretion, and the plaintiff has the burden to prove the possibility of cure by amendment. (*Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 78.)

"Under the statute of frauds, contracts 'for the sale of real property, or of an interest therein' (Civ. Code, § 1624, subd. (a)(3)) 'are invalid unless they, or some note or memorandum thereof, are in writing and subscribed by the party to be charged or by the party's agent' (Civ. Code, § 1624, subd. (a))." (*Lee v. Lee* (2009) 175 Cal.App.4th 1553, 1556.) While "a 'note or memorandum . . . subscribed by the party to be charged' is adequate," it is a question of law whether such a memorandum complies with the statute of frauds. (*Sterling v. Taylor* (2007) 40 Cal.4th 757, 765, 772 (*Sterling*).) "Because the memorandum itself must include the essential contractual terms, it is clear that extrinsic evidence cannot *supply* those required terms. [Citation.] It can, however, be used to *explain* essential terms that were understood by the parties but would otherwise be unintelligible to others." (*Id.* at p. 767.) "[E]xtrinsic evidence cannot be employed to prove an agreement at odds with the terms of the memorandum." "[T]he evidence cannot contradict the terms of the writing." (*Id.* at pp. 771–772.)

"A memorandum of a contract for the sale of real property must identify the buyer, the seller, the price, and the property." (*Sterling*, *supra*, 40 Cal.4th at p. 772.)

4

Respondents do not argue that the letter did not identify the buyer (Ruiz) and the seller (Sumner).[1] We agree with respondents, however, that the memorandum does not establish the purchase price. The 2008 memorandum does not purport to memorialize an agreement by the parties, instead beginning with a "history" of prices. Sumner states that his price for the property was $270,000 in 2006 (without any indication that this was an agreed-upon price), and that home prices had fallen in the two years since then by 14 percent to make a 2008 price $232,000. After subtracting Ruiz's "down payment" of $25,350 (paid in 2006 and 2007) the remainder was $206,000, which Sumner was "willing to reduce . . . again to $200,000.00 . . . the best I can do as my present selling price." This is at best an imprecise and preliminary price offered by Sumner, with no indication of any agreement to that price by Ruiz. Sumner stated he would carry a 30-year loan at five percent interest if Ruiz could not get a loan, for a monthly payment of $1,073.66. Ruiz nowhere accepts that payment amount, and again, the letter does not reflect that the parties agreed. As a result, extrinsic evidence cannot be used to supply essential terms not expressed in the memorandum. Further, as the five receipts dated two and five years after the date of the letter show that Ruiz did not pay the monthly amount of $1,073.66, instead paying $1,000 (designated as rent), the receipts "contradict the terms of the writing." (*Sterling*, *supra*, 40 Cal.4th at p. 772.)

We also agree with respondents that the letter does not identify the property. The letter does not give a state, city, street address, location, type of property, or any description at all of the property. The only reference to any location is that "houses in Los Angeles" went down in price by 14 percent between 2006 and 2007. While the receipts give an address of "5342 Fountain Ave." in Los Angeles, nothing in the memorandum indicates that address is the property being sold. Where, as here, "*no property whatsoever* was described," the description of real property is necessarily not

---

[1] Respondents do not argue on appeal, as they did in the trial court, that the letter did not identify a seller because the trust, not Sumner, was the title holder.

sufficient to satisfy the statute of frauds. (*Ukkestad v. RBS Asset Finance, Inc.* (2015) 235 Cal.App.4th 156, 163.)

"The equitable remedy of specific performance cannot be granted if the terms of a contract are not certain enough for the court to know what to enforce." (*Patel v. Liebermensch* (2008) 45 Cal.4th 344, 349.) The trial court properly sustained the demurrer. Ruiz already had amended his complaint twice. He did not specify any possible further amendments in his response to the demurrer, and he has not met his burden to show that amendment could cure the deficiencies in his second amended complaint. The court was within its discretion to deny leave to amend.

As we affirm the sustaining of the demurrer without leave to amend, we need not address whether laches barred Ruiz's claims. Ruiz's argument that equitable estoppel and partial performance take the letter outside the statute of frauds was not pleaded in his second amended complaint, and Ruiz did not request leave to amend to allege equitable estoppel. Equitable estoppel is a question of fact, and its application requires four elements: "'(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.'" (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1058.) Ruiz did not include a claim of equitable estoppel in his second amended complaint, and he did not sufficiently allege facts to support a claim that equitable estoppel precluded the statute of frauds defense. Ruiz "may not rely upon the doctrine of estoppel now." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1785.) He had two opportunities to amend his complaint and never specifically requested leave to amend to allege equitable estoppel. (*Ard v. County of Contra Costa* (2001) 93 Cal.App.4th 339, 348.) In any event, Ruiz's assertions on appeal fail to satisfy the required elements for equitable estoppel.

6

**DISPOSITION**

The judgment is affirmed.  Costs are awarded to respondents.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.