Filed 5/31/23  The Cochran Firm v. Seck CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE COCHRAN FIRM et al., | B321448 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 19STCV40383) |
| v. | |
| IBIERE SECK et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed.

The Cochran Firm California, Edward M. Lyman and Brian T. Dunn, for Plaintiffs and Appellants.

Baker, Keener & Nahara, Phillip A. Baker and Derrick S. Lowe, for Defendants and Respondents.

---

## INTRODUCTION

An attorney and her law firm entered into a fee sharing agreement before she left the firm.  The agreement addressed the compensation the attorney would receive for the cases on which she had worked that would remain with the law firm after her departure.  The law firm filed a complaint seeking a declaration that the agreement was unenforceable.  The trial court denied the law firm's subsequent motion for summary judgment, finding that the law firm was not entitled to a declaration in its favor.  After the law firm then refused to pay the attorney pursuant to the fee sharing agreement, the attorney filed a cross-complaint for breach of contract.  The trial court granted the attorney's motion for summary judgment, finding that the agreement was enforceable and that the law firm breached the agreement, causing the attorney to suffer damages.  We agree and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Ibiere Seck is an attorney and was employed at the Cochran Firm until December 31, 2018.  After leaving the Cochran Firm, Seck established her own law firm, Seck Law, P.C.

2

Prior to her departure from the Cochran Firm, in December 2018, Seck and Brian Dunn, the firm's managing partner, negotiated a fee sharing agreement for cases on which Seck worked that would remain at the firm. This agreement to share attorney fees on particular cases was memorialized in a Memorandum of Understanding (MOU) drafted by Dunn, dated December 13, 2018. The MOU provided that Seck would receive 25 percent of the net attorney fees recovered by the Cochran Firm on a specified list of cases, which included *Reddick v. LACMTA* (the *Reddick* matter). The MOU also stated that "Seck ha[d] undertaken substantial efforts to secure the effective representation of the plaintiff(s) during her tenure with The Cochran Firm" on these cases. The "agreement [was] made and [was] based on the representations made by Ibiere Seck that she worked on these cases in some capacity."[1] The MOU was not signed by Seck or Dunn, on behalf of the Cochran Firm.

In 2019, the Cochran Firm paid Seck 25 percent of the net attorney fees it received in four cases (*Cain v. FedEx, Owens v. Blackwood, Harvey v. Uber,* and *Acosta v. Autobuses Cordinados*), all of which were listed in the MOU. The Cochran Firm also paid Seck 25 percent of the net attorney fees it received in another case, *Harris v. UPS* (the *Harris* matter). The *Harris* matter was not listed in the

---

[1] The Cochran Firm later affirmed in its discovery responses that the negotiated 25 percent of attorney fees was not based on the amount of work that Seck performed on the listed cases in the MOU.

MOU, but it was part of the discussions between Seck and Dunn in December 2018. As of the date of the MOU, it was unclear whether the matter would remain with the Cochran Firm or leave with Seck. It was later determined that the *Harris* matter would stay with the Cochran Firm, and it was then subject to the MOU.

When a settlement was reached in the *Reddick* matter in October 2019, Seck asserted a lien on 25 percent of the attorney fees recovered by the Cochran Firm. Despite the Cochran Firm's demand, Seck refused to withdraw the lien.

On October 29, 2019, Seck and the Cochran Firm entered into a separate, mediated fee sharing agreement entitled, "Stipulation for Settlement" (stipulation). In the stipulation, Seck agreed to distribute to the Cochran Firm specified percentages of net attorney fees received on cases that Seck took with her upon leaving the firm. On November 12, 2019, Seck paid the Cochran Firm $160,000 pursuant to the stipulation. This amount reflected 40 percent of the net attorney fees Seck received in the case, *Z.G. v. Long Beach Unified School District*, which was a case listed in the stipulation.

**PROCEDURAL HISTORY**

On November 7, 2019, the Cochran Firm filed a complaint against Seck[2] for declaratory relief and abuse of

---

[2]     The named plaintiffs were: "The Cochran Law Firm California, a Professional Corporation; and Dunn Law, APC, a Professional Corporation, d/b/a 'The Cochran Firm California.'" The named
*(Fn. is continued on the next page.)*

4

process. The Cochran Firm sought a declaration that the December 13, 2018 MOU did not create a valid fee sharing agreement between the firm and Seck in the *Reddick* matter because the client was not informed and did not consent in writing to such an agreement, as required by the State Bar Rules of Professional Conduct. The Cochran Firm also sought a declaration that, in the *Reddick* matter, Seck had no legal authority to assert a lien on the settlement proceeds.[3] On January 21, 2020, the trial court granted Seck's anti-SLAPP motion as to the abuse of process claim.

On February 11, 2020, the Cochran Firm moved for summary judgment. On July 13, 2020, the trial court denied the motion, finding that the Cochran Firm was not entitled to a declaration in its favor.

After the trial court's ruling, Seck made a formal demand for payment of her share of the attorney fees in the *Reddick* matter on September 10, 2020. The Cochran Firm rejected the demand and stated it would "never consent to the payment of ANY fees absent a judgment or specific order directing payment of a specific amount to her."

On October 13, 2020, Seck filed a cross-complaint against the Cochran Firm for a single breach of contract claim based on the firm's refusal to pay Seck her 25 percent

---

defendants were: "Ibiere Seck, an individual; and Seck Law, P.C., a Professional Corporation."

[3] The Cochran Firm did not dispute the enforceability of the October 29, 2019 stipulation concerning the cases that Seck took with her.

share of the attorney fees in the *Reddick* matter.[4]  On January 24, 2022, Seck moved for summary judgment on the breach of contract claim, and on April 14, 2022, the trial court granted the motion.  The court found the MOU "created a valid fee sharing agreement" between the parties. The court further found the Cochran Firm breached the agreement and the failure to pay Seck the funds owed to her under the agreement entitled her to damages.  The court rejected the Cochran Firm's defenses to Seck's breach of contract claim.

On May 25, 2022, the court entered judgment in favor of Seck and against the Cochran Firm.  Seck was awarded $500,000 (25 percent of the net attorney fees in the *Reddick* matter) plus interest at a rate of 10 percent calculated from September 10, 2020 to the date of payment.  The court also ruled that Seck, as the prevailing party, was entitled to recover costs.  Based on the grant of Seck's motion for summary judgment, the court stated that the Cochran Firm's complaint against Seck was resolved and moot, and therefore the court dismissed the complaint with prejudice.

The Cochran Firm timely appealed.

---

[4]  Seck Law, a Professional Corporation, was not a party to the cross-complaint.  Contrary to appellant's assertion, the Cochran Firm, a Professional Corporation, is listed as a cross-defendant in the cross-complaint.  (See *Nelson v. East Side Grocery Co.* (1915) 26 Cal.App. 344, 347 ["in determining who the parties to an action are the whole body of the complaint is to be taken into account, and not the caption merely"]; accord *Plumlee v. Poag* (1984) 150 Cal.App.3d 541, 547.)

## DISCUSSION[5]

## A. Standard of Review

"Summary judgment is appropriate only 'where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.'" (*Regents of the University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) "A plaintiff or cross-complainant has met his or her burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on the cause of action. Once the plaintiff or cross-complainant has met that burden, the burden shifts to the defendant or cross-defendant to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto. (Code Civ. Proc., § 437c, subd. (p)(1).)

"We review the trial court's ruling on a summary judgment motion de novo, liberally construe the evidence in favor of the party opposing the motion, and resolve all doubts concerning the evidence in favor of the opponent."

---

[5] Although the subject motion for summary judgment was brought by Seck only, the trial court's order granting summary judgment effectively resolved the Cochran Firm's complaint in which Seck and Seck Law, P.C. were named defendants. We also note that Seck is the sole owner of Seck, P.C., a fact acknowledged by the Cochran Firm. Thus, both defendants jointly responded to the appeal. The Cochran Firm does not challenge Seck Law, P.C.'s standing to respond to the appeal.

7

(*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636-637.)

### B. Fee Sharing Agreement

The Cochran Firm asserts, with limited analysis, multiple challenges to the trial court's order granting Seck's motion for summary judgment. We take each argument in turn.

The Cochran Firm contends the MOU is unenforceable because it violated the Rules of Professional Conduct, rule 1.5.1, which prohibits lawyers "who are not in the same law firm" from dividing a fee for legal services unless certain requirements are met, including written consent from the client. Here, the MOU was entered into on December 13, 2018, while Seck was a lawyer with Cochran Firm. Seck's employment with the firm did not end until December 31, 2018. The Cochran Firm fails to provide any valid argument or evidence to refute this fact. Thus, this fee sharing agreement was not subject to rule 1.5.1. (*Chambers v. Kay* (2002) 29 Cal.4th 142, 150 [decided under former rule 2-200(A)];[6] see also *Anderson, McPharlin & Connors v. Yee*

---

[6] Rules of Professional Conduct, rule 1.5.1, superseded former rule 2-200 on November 1, 2018. All events pertaining to this case occurred after rule 1.5.1 was in full force. However, former rule 2-200(A) similarly prohibited lawyers from dividing a fee for legal services with "a lawyer who is not a partner of, associate of, or shareholder with the [lawyer]" unless certain requirements are met. (*Reeve v. Meleyco* (2020) 46 Cal.App.5th 1092, 1097-1098.) We are not
*(Fn. is continued on the next page.)*

(2005) 135 Cal.App.4th 129, 133 [former rule 2-200 has no applicability to an agreement between two attorneys in the same firm, even if the agreement "would not be performed . . . until a time at which [the attorney] was no longer a partner"].)

Next, the Cochran Firm argues that the trial court applied the wrong elements for a breach of contract cause of action. We disagree. As stated by our Supreme Court, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821.) In a conclusory manner, the Cochran Firm contends the jury instruction that outlines the elements for a breach of contract claim requires that a "defendant's breach was a substantial factor in causing plaintiff's harm" and further requires "certain conditions precedent were met." (CACI No. 303) First, the substantial factor element in the jury instruction is embraced in the damages element. "'Causation of damages in contract cases . . . requires that the damages be proximately caused by the defendant's breach, and that their causal occurrence be at least reasonably certain.' (*Vu v. California Commerce Club, Inc.* (1997) 58 Cal.App.4th 229, 233.) A proximate cause of loss or damage is something that is a substantial factor in

_____

aware of, nor did the Cochran Firm point to, any case in which rule 1.5.1 was applied.

bringing about that loss or damage.  (See e.g., BAJI No. 3.76; *Mitchell v. Gonzales* (19991) 54 Cal.3d 1041, 1052-1053.)" (*US Ecology, Inc. v. State of California* (2005) 129 Cal.App.4th 887, 909.)  Second, the jury instruction relating to conditions precedent are optional as not every contract has conditions for performance.  (See Directions for Use foll. CACI No. 303 (2023 ed.).)  The Cochran Firm fails to articulate that conditions for performance were at issue in this case.

The Cochran Firm also contends that the MOU was not sufficiently definite to be enforceable.  "Whether a contract term is sufficiently definite to be enforceable is a question of law for the court." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 770, fn. 2 (*Ladas*); see also *Patel v. Liebermensch* (2008) 45 Cal.4th 344, 348, fn. 1.)  "'Where a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable.' (*Cal. Lettuce Growers v. Union Sugar Co.* (1955) 45 Cal.2d 474, 481; see also Civ. Code, § 1598; *Ladas, supra*, 19 Cal.App.4th at p. 770.)" (*Bustamante v. Intuit, Inc.* (2006) 141 Cal.App.4th 199, 209.)  Here, the material terms of the fee sharing agreement between the parties can be readily ascertained from the MOU.  The Cochran Firm was required to pay Seck 25 percent of the net attorney fees for a specified list of cases. We are provided with no reasonable explanation why the Cochran Firm contends that the MOU was not sufficiently definite given that it performed under the terms of the

10

agreement on five separate occasions without incident. Furthermore, the Cochran Firm does not dispute that the MOU (drafted by Dunn) lists the *Reddick* matter as one of the cases in which the Cochran Firm was required to pay Seck 25 percent of the net attorney fees.

We further reject the Cochran Firm's assertion that the MOU lacked mutual assent, given that the Cochran Firm performed under the agreement repeatedly, paying Seck 25 percent of net attorney fees in numerous cases. (See *Sellers v. JustAnswer, LLC* (2021) 73 Cal.App.5th 444, 460 ["""mutual manifestation of assent, whether by written or spoken word or by conduct, is the touchstone of contract"""]; *Russell v. Union Oil Co.* (1970) 7 Cal.App.3d 110, 114.)

In addition, the Cochran Firm argues there was a lack of consideration. Generally, "there are two requirements in order to find consideration. The promisee must confer (or agree to confer) a benefit or must suffer (or agree to suffer) prejudice . . . . [¶] It is not enough, however, to confer a benefit or suffer prejudice for there to be consideration . . . . [T]he second requirement is that the benefit or prejudice "'must actually be bargained for as the exchange for the promise.'" Put another way, the benefit or prejudice must have induced the promisor's promise." (*Steiner v. Thexton* (2010) 48 Cal.4th 411, 420-421, quoting *Bard v. Kent* (1942) 19 Cal.2d 449, 452.) Here, there was bargained-for consideration for the MOU. The agreement to pay Seck resulted from negotiations between Seck and the Cochran Firm in which the parties reached a deal as to the

11

reasonable attorney fee split for cases on which Seck worked that would remain at the firm.[7]

The Cochran Firm also contends that its conduct was not a substantial factor in causing Seck harm because, as alleged in the cross-complaint, 25 percent of the attorney fees from the *Reddick* matter was set aside pending the outcome of the Cochran Firm's declaratory relief action. However, the terms of the MOU were not that 25 percent of the net attorney fees would be set aside. Rather, the terms explicitly provide for Seck to be paid 25 percent of the net attorney fees. Because the Cochran Firm refused to do so, the firm breached the MOU causing Seck to suffer damages.

The Cochran Firm spends a portion of its briefing on the amount or lack of significant time Seck spent working on the *Reddick* matter. As the Cochran Firm admitted in discovery responses, the negotiated 25 percent of attorney fees was not based on the amount of work that Seck performed on the listed cases. Furthermore, the MOU specifically states that "Seck [h]ad undertaken substantial efforts to secure the effective representation of the plaintiff(s) [in a specified list of cases] during her tenure with The Cochran Firm," and the agreement was made and based on the representations made by Seck "that she worked

---

[7] The same can be said for the October 29, 2019 stipulation wherein the parties agreed that Seck would pay specified percentages for a list of certain cases that she took with her after leaving the Cochran Firm. The firm does not dispute the enforceability of this separate fee sharing agreement.

12

on these cases in some capacity." Thus, the specific amount of time that Seck spent on the *Reddick* matter or any of the other cases listed in the MOU does not render the fee sharing agreement unenforceable.

Therefore, the Cochran Firm has failed to demonstrate the trial court erred in granting Seck's motion for summary judgment.[8]

---

[8] At oral argument, the Cochran Firm argued for the first time that the trial court erred in dismissing its declaratory relief action as moot. By raising this argument for the first time at oral argument, the Cochran Firm has forfeited the issue. (*Daniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1185 ["'[w]e will not consider an issue not mentioned in the briefs and raised for the first time at oral argument'"], disapproved on another ground in *Sheen v. Wells Fargo Bank, N.A.* (2022) 12 Cal.4th 905, 948, fn. 12; *Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1554, fn. 9 [same].)

**DISPOSITION**

The judgment is affirmed.  Seck and Seck Law, P.C. are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

CURREY, Acting P.J.

ZUKIN, J.[*]

_____

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.