**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel, | No. 11-55863 |
| | D.C. No. 2:04-cv-08400-ODW-RZ |
| Plaintiff - Counter-claim Defendant - Appellant, | |
| | MEMORANDUM[*] |
| v. | |
| WARNER BROS. ENTERTAINMENT, INC., a corporation; DC COMICS, a New York General Partnership, | |
| Defendants - Counter- claimants - Appellees. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel,<br><br>       Plaintiff - Counter-claim-Defendant - Appellee,<br><br>  v.<br><br>WARNER BROS. ENTERTAINMENT, INC., a corporation; DC COMICS,<br><br>       Defendants - Counter-claimants - Appellants. | No. 11-56034<br><br>D.C. No. 2:04-cv-08400-ODW-RZ |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson and Otis D. Wright, District Judges, Presiding

Argued and Submitted November 5, 2012
Pasadena, California

Before: REINHARDT and THOMAS, Circuit Judges, and SEDWICK, District Judge.[**]

Defendants Warner Brothers Entertainment, Inc. and DC Comics

(collectively, "DC") appeal the district judge's grant of summary judgment to

Plaintiff Laura Siegel Larson as to DC's third and fourth counterclaims (which,

---

[**]     The Honorable John W. Sedwick, Senior U.S. District Judge for the District of Alaska, sitting by designation.

both parties concede, are governed by California law).[1]  The district judge entered judgment pursuant to Federal Rule of Civil Procedure 54(b), and we have jurisdiction pursuant to 28 U.S.C. § 1291.  We reverse and remand as to these counterclaims.

The district judge erred in granting summary judgment to Larson as to DC's third and fourth counterclaims.  The central issue in these counterclaims is whether the parties reached a binding settlement agreement during their negotiations over the rights to Superman in 2001 and 2002.  The district judge, however, failed to address whether the October 19, 2001, letter from Larson's then-attorney constituted an acceptance of terms negotiated between the parties, and thus was sufficient to create a contract.  We hold, as a matter of law, that the October 19, 2001, letter did constitute such an acceptance.[2]  The October 19, 2001, letter itself plainly states that the heirs have "accepted D.C. Comics offer of October 16, 2001

---

[1]DC also appeals the district judge's grant of summary judgment to Larson as to certain aspects of Larson's first claim and DC's first counterclaim, as well as the entirety of DC's second counterclaim.  Larson cross-appeals the district judge's grant of summary judgment to DC as to the other aspects of Larson's first claim and DC's first counterclaim.  As explained below, we do not reach the issues raised by these claims.

[2]Larson, in her brief, states that this question should be resolved as a matter of law.  *See Bustamante v. Intuit, Inc.*, 45 Cal. Rptr. 3d 692, 699 (Cal. Ct. App. 2006) (citing *Robinson & Wilson, Inc. v. Stone*, 110 Cal. Rptr. 675, 682 (Cal. Ct. App. 1973)).

in respect of the 'Superman' and 'Spectre' properties. The terms are as follows . . . ." What follows is five pages of terms outlining substantial compensation for the heirs in exchange for DC's continued right to produce Superman works. The letter ends with Larson's attorney thanking DC's attorney for his "help and patience in reaching this monumental accord." Further, although it is the objective, and not subjective, understandings of the parties that determine whether they reached an agreement, extrinsic evidence of the parties' actions may be used to determine whether the oral offer referred to in the letter had, in fact, been made. *Cf. Wedeck v. Unocal Corp.*, 69 Cal. Rptr. 2d 501, 507-08 (Cal. Ct. App. 1997). Statements from the attorneys for both parties establish that the parties had undertaken years of negotiations, that they had resolved the last outstanding point in the deal during a conversation on October 16, 2001, and that the letter accurately reflected the material terms they had orally agreed to on that day.

We reject Larson's arguments that either state or federal law precludes a finding that such a contract could have been created by the October 19, 2001, letter. California law permits parties to bind themselves to a contract, even when they anticipate that "some material aspects of the deal [will] be papered later." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1038 (9th Cir. 2011);

4

*Harris v. Rudin, Richman & Appel*, 87 Cal. Rptr. 2d 822, 828 (Cal. Ct. App. 1999).

This principle applies notwithstanding the lack of an express reference to an

intended future agreement, as long as the terms of any contract that may have been

formed are sufficiently definite that a court could enforce them (as is undoubtedly

the case here). *Facebook*, 640 F.3d at 1038 (noting the minimal requirements to

form an enforceable contract, and that California law does not require express

delegation regarding potential missing terms of a contract); *Patel v. Liebermensch*,

197 P.3d 177, 182-83 (Cal. 2008). That *Facebook* involved a contract signed by

both parties does not render it any less controlling here; under California's statute

of frauds, the only signature that is required is that of the party against whom a

contract is sought to be enforced. *See Ulloa v. McMillin Real Estate & Mortg.,

Inc.*, 57 Cal. Rptr. 3d 1, 4-5 (Cal. Ct. App. 2007); *see also* 1 B.E. Witkin, *Summary

of California Law, Contracts* § 359 (10th ed. 2005). Nor is 17 U.S.C. § 204(a) a

bar to the validity of any such contract; that statute expressly permits an agreement

transferring ownership of a copyright to be signed by a "duly authorized agent" of

the copyright owner, and Larson does not contest that the heirs' attorney was such

an agent.

We therefore reverse the district judge's grant of summary judgment to

Larson and direct the district judge to reconsider DC's third and fourth

counterclaims in light of our holding that the October 19, 2001, letter created an agreement. Because a judgment on those claims in DC's favor would appear to render moot all of the other questions in this lawsuit, we decline to address these other issues at this time.

**REVERSED IN PART and REMANDED.**[3]

---

[3]We reach our conclusions without the need to consider the documents that are the subject of DC's motions for judicial notice and to supplement the record. DC's motions, and Larson's motion to strike the related portions of DC's brief, are therefore denied as moot. Larson's motion for sanctions is also denied. The parties shall bear their own costs on appeal.