**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel, AKA Joanne Siegel, | No. 13-56243 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:04-cv-08400-ODW-RZ |
| v. | MEMORANDUM* |
| WARNER BROS ENTERTAINMENT, INC., a corporation, | |
| Defendant - Appellee, and | |
| DC COMICS, a New York General Partnership, | |
| Defendant-counter-claimant - Appellee. | |

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel, AKA Joanne Siegel, | No. 13-56244 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 2:04-cv-08776-ODW-RZ |

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

TIME WARNER, INC., a corporation;
WARNER COMMUNICATIONS, INC., a
corporation; WARNER BROS.
ENTERTAINMENT, INC.; WARNER
BROTHERS TELEVISION
PRODUCTION, INC., a corporation,

        Defendants - Appellees,

  and

DC COMICS, a general partnership,

        Defendant-counter-claimant -
        Appellee.

---

LAURA SIEGEL LARSON, individually
and as personal representative of the Estate
of Joanne Siegel, AKA Joanne Siegel,

        Plaintiff-counter-defendant -
        Appellee,

  v.

WARNER BROS. ENTERTAINMENT,
INC., a corporation,

        Defendant - Appellant,

DC COMICS, a New York General
Partnership,

No. 13-56257

D.C. No. 2:04-cv-08400-ODW-RZ

2

| | |
|---|---|
| LAURA SIEGEL LARSON, individually and as personal representative of the Estate of Joanne Siegel, AKA Joanne Siegel, | No. 13-56259 |
| | D.C. No. 2:04-cv-08776-ODW-RZ |

Plaintiff-counter-defendant - Appellee,

v.

TIME WARNER, INC., a corporation; WARNER COMMUNICATIONS, INC., a corporation; WARNER BROS. ENTERTAINMENT, INC.; WARNER BROTHERS TELEVISION PRODUCTION, INC., a corporation,

Defendants - Appellants,

DC COMICS, a general partnership,

Defendant-counter-claimant - Appellant.

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted November 3, 2015
Pasadena, California

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

3

This is another appeal in long-running litigation stemming from the 1938 transfer of the Superman copyright from Jerome Siegel, co-creator of Superman, to DC Comics ("DC"). In 2013, we decided that the October 19, 2001, letter ("2001 letter") from the Siegels' attorney to the attorney for DC constituted a binding settlement agreement that potentially resolved all questions in the suit. *Larson v. Warner Bros. Entm't, Inc.*, 504 F. App'x 586 (9th Cir. 2013) ("*Larson I*"). On remand, the district court held that the 2001 letter transferred to DC all of the copyrights listed in the agreement. Laura Larson, Siegel's successor-in-interest, appeals. We affirm the district court's judgment.

Larson contends that the 2001 letter did not constitute a present assignment of rights and was conditioned on a future signing of a formal contractual agreement. We held in *Larson I*, however, that the letter finalized the material terms of the contract to which the parties had agreed. 504 F. App'x at 587–88. The district court did not err in ruling that the 2001 letter constituted a present assignment of rights.

Larson argues that even if the 2001 letter was an agreement transferring rights to Superman, it could not have transferred the copyrights to Superboy and early Superman promotions (the "Ads") because when the letter was written, the Siegels had not yet terminated DC's rights to Superboy and the Ads. Larson relies

4

for this argument on § 304(c)(6)(D) of the Copyright Act, which provides that "[a] further grant, or agreement to make a further grant, of any right covered by a terminated grant is valid only if it is made after the effective date of the termination." 17 U.S.C. § 304(c)(6)(D). Larson also argues that the 2001 agreement could not bar her from recapturing the copyrights to Superboy and the Ads through notices of termination in 2002 and 2012, respectively, because the 2001 letter is an "agreement to the contrary" within the meaning of 17 U.S.C. § 304(c)(5). We disagree that these provisions effect the validity of the Siegels' 2001 reassignment of the copyrights to Superboy and the Ads.

In *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036 (9th Cir. 2005), we rejected the argument, advanced by Larson here, that Congress intended to preclude parties from alienating their statutory termination rights by contract. *See id.* at 1046 ("Congress . . . anticipated that parties may contract, as an alternative to statutory termination, to revoke a prior grant by replacing it with a new one."). And we held that neither § 304(c)(5) nor § 304(c)(6)(D) invalidated an heir's re-grant of copyrights by contract in lieu of statutory termination because the heir had done exactly what Congress intended: he had used his "increased bargaining power conferred by the imminent threat of statutory termination to enter into new, more advantageous grants." *Id.*

5

In this case, the Siegels' bargaining position was similarly fortified by their statutory termination power. The Siegels believed that in 1999 they recaptured the rights to the Superboy works and the Ads from DC by issuing notices in 1997 purporting to terminate pre-1978 grants for a wide range of Superman works, including the Ads and Superboy. Although the course of litigation clarified that the Ads and Superboy grants were not properly terminated in 1999, the Siegels, like the heir in *Milne*, bargained with their statutory termination power in hand to negotiate a highly remunerative new agreement. And, like in *Milne*, Larson has failed to show that she was in any way prejudiced by this 2001 agreement, through which the Siegels reassigned the purportedly recaptured rights to DC in exchange for substantial compensation. *Cf. Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 989 (9th Cir. 2008) (holding that an agreement to re-grant the rights to Lassie works was one "to the contrary" under § 304(c)(5) where the heir, unaware of her future termination rights, "had nothing in hand with which to bargain" and received a meager $3,000 in compensation as a result). Because the 2001 agreement replaced and superseded the earlier grants of the Superboy and Ads copyrights, Larson's attempts to recapture these copyrights through her 2002 and 2012 notices were ineffective. *See Milne*, 430 F.3d at 1042–43.

On remand, Larson argued for the first time that her mother, Joanne Siegel, had rescinded the 2001 contractual settlement agreement in letters written in 2002 and that DC acquiesced in the recission. As the district court noted, permitting Larson to raise these arguments now would substantially prejudice DC. Joanne Siegel has since died. DC would have to change its defense strategy, conduct new discovery, and the litigation would effectively have to begin all over. The rescission and acquiescence affirmative defenses are therefore waived. *See Magana v. Commonwealth of Northern Mariana Islands,* 107 F.3d 1436, 1446 (9th Cir. 1997) (affirmative defenses may be raised for the first time on summary judgment "only if the delay does not prejudice the plaintiff").

Because we affirm the district court's judgment, DC's statute of limitations claim on cross-appeal is moot and we decline to reach it.

We also reject DC's argument on cross-appeal that the district court erred in amending its final judgment in Larson's favor on her first claim that, because the Superman copyrights did not arise from works made for hire, she validly terminated all prior grants of those copyrights in 1999. DC asks the court to revisit Judge Larson's earlier rulings that the Superman works were not made for hire, but we find no error in Judge Larson's finding that these works were not made at DC's

7

"instance and expense." *Twentieth Cent. Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 881 (9th Cir. 2005).

**AFFIRMED**.