TURNER, P. J., Concurring.
I concur in the majority opinion. I write separately to address the inadequate record contention of defendant, Navabeh P. Borman. After our remittitur issued, plaintiff, Rafael Chodos, filed an ex parte motion to compel compliance with our remittitur. According to the clerk’s minutes of the November 6, 2014 hearing, no court reporter was present. No settled statement of the post-remittitur issuance hearing has been provided. On November 14, 2014, the judgment was entered.
Our prior decision reversed the judgment no doubt, but the gravamen of our opinion was to direct a modification of the judgment. We ordered that specific sums of money be deducted from the original judgment. We did not order a hearing be held or any issues be reconsidered. We issued no orders concerning any other calculation of damages apart from the deductions specified in our opinion. We did not order the issue of prejudgment interest be reconsidered. The case was over. Thus, the absence of a reporter’s transcript or a suitable substitute of the post-remittitur issuance ex parte hearing does not permit reversal of the judgment. And the record fails to disclose any error on the face of the record by the trial court. (Kucker v. Kucker (2011) 192 Cal.App.4th 90, 93 [120 Cal.Rptr.3d 688] [“Since appellants have not provided a reporter’s transcript of the hearing on the petition, ‘we must treat this as an appeal “on the judgment roll.” ’ ”]; Nielsen v. Gibson (2009) 178 Cal.App.4th 318, 325 [100 Cal.Rptr.3d 335] [when no reporter’s transcript is provided, “review is limited to determining whether any error ‘appears on the face of the record’ ”].) The trial court did exactly as we expressly ordered it to do in our prior opinion and properly modified the judgment.