Filed 11/18/15  Stewart v. Home Depot U.S.A. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LINDSEY E. STEWART, | D066812 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00031103-CU-WT-NC) |
| HOME DEPOT U.S.A., INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Affirmed.

Lindsey E. Stewart, in pro. per., for Plaintiff and Appellant.

Lee Tran & Liang, Steven C. Gonzalez, Anthony D. Sbardellati and Lacey Rainwater, for Defendants and Respondents.

INTRODUCTION

Lindsey E. Stewart appeals from two orders:  (1) an order compelling her to respond to a request for production of documents propounded by Home Depot U.S.A.,

Inc. and Dorothy Perkins (collectively, Home Depot), and (2) an order imposing terminating and monetary sanctions for her noncompliance. Although these orders are not appealable (Code Civ. Proc., § 904.1), we exercise our discretion to construe the appeal as being from the subsequent judgment, with the issues on appeal limited to the propriety of the two orders. (See Cal. Rules of Court, rule 8.104(d)(2); *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.) Having reviewed the propriety of the orders, we discern no abuse of discretion by the trial court and affirm the judgment.

BACKGROUND

Stewart sued Home Depot, alleging causes of action for disability discrimination and tortious discharge/retaliation in violation of public policy. Home Depot subsequently served Stewart with a request for production of documents. The request sought production of 30 categories of documents related to Stewart's employment with Home Depot and the causes of action in her complaint.

Stewart did not respond to the request or produce any responsive documents. After multiple unsuccessful e-mail exchanges seeking a response, Home Depot filed a motion to compel a response. The court granted the motion and ordered Stewart to serve a verified response to the request, without objections, and to produce responsive documents within 10 days.

After multiple unsuccessful attempts to obtain Stewart's compliance with the court's order, Home Depot filed a motion seeking terminating sanctions. The court granted the motion, struck Stewart's complaint, and awarded Home Depot monetary sanctions of $2,925. In reaching its decision, the court specifically found Stewart had

2

notice of the order compelling her to provide a verified response and produce responsive documents and disobeyed the order knowing the potential consequences.

DISCUSSION

" 'California discovery law authorizes a range of penalties for conduct amounting to "misuse of the discovery process," ' including terminating sanctions. [Citations.] Misuses of the discovery process include the following: '(d) Failing to respond or to submit to an authorized method of discovery. [¶] . . . [¶] (g) Disobeying a court order to provide discovery.' (Code Civ. Proc., § 2023.010.)" (*Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390 (*Los Defensores*).)

"Code of Civil Procedure section … 2023.030 authorizes a trial court to impose monetary sanctions, issue sanctions, evidence sanctions, or terminating sanctions against 'anyone engaging in conduct that is a misuse of the discovery process.' " (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 991.) "As to terminating sanctions, Code of Civil Procedure section 2023.030, subdivision (d) provides: 'The court may impose a terminating sanction by one of the following orders: [¶] (1) An order striking out the pleadings or parts of the pleadings of any party engaging in the misuse of the discovery process.' " (*Id*. at p. 992.)

" ' "The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious, or whimsical action." ' [Citation.] The trial court may order a terminating sanction for discovery abuse 'after considering the totality of the circumstances: [the] conduct of the party to determine if the actions were willful; the detriment to the propounding party; and the number of formal and informal attempts to

3

obtain the discovery.' [Citation.] Generally, '[a] decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' [Citation.] Under this standard, trial courts have properly imposed terminating sanctions when parties have willfully disobeyed one or more discovery orders." (*Los Defensores*, *supra*, 223 Cal.App.4th at p. 390.)

"We review the trial court's order under the abuse of discretion standard and resolve all evidentiary conflicts most favorably to the trial court's ruling. We will reverse only if the trial court's order was arbitrary, capricious, or whimsical. It is appellant's burden to affirmatively demonstrate error and where the evidence is in conflict, we will affirm the trial court's findings. [Citation.] We presume the trial court's order was correct and indulge all presumptions and intendments in its favor on matters as to which it is silent." (*Williams v. Russ* (2008) 167 Cal.App.4th 1215, 1224; *Los Defensores*, *supra*, 223 Cal.App.4th at pp. 390-391.) Additionally, since Stewart has not provided reporter's transcripts of the proceedings below, " 'we must treat this as an appeal "on the judgment roll." [Citations.] Therefore, … [o]ur review is limited to determining whether any error "appears on the face of the record." ' " (*Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93.)

Here, the record shows Home Depot propounded a request for production of documents, Stewart did not respond to the request, and Home Depot moved for and obtained an order compelling Stewart's response. The record further shows Stewart

4

failed to comply with the order even though she knew about it, knew the potential consequences for noncompliance, and had ample opportunity to comply. The record also shows Stewart had a history of discovery abuse, including improperly attempting to obtain discovery via e-mail requests and filing patently untimely discovery motions. Finally, the record shows Home Depot made multiple informal attempts to obtain the requested discovery and Stewart's failure to comply with the court's order effectively prevented Home Depot from adequately preparing for trial. Under these circumstances, we cannot conclude the court abused its discretion in ordering Stewart to respond to Home Depot's request for production of documents or in imposing terminating sanctions for her noncompliance.

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

O'ROURKE, J.

5