Filed 1/26/21  Rybolt v. Riley CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| COURTNEY E. RYBOLT, | C087877 |
| Respondent, | (Super. Ct. No. 10FL05692) |
| v. | |
| JAMES E. RILEY IV, | |
| Appellant. | |

James Riley IV (appellant), appeals from a court order awarding attorney fee sanctions under Family Code section 271 because it did not consider his ability to pay when imposing the sanctions.  Appellant's claim is not supported by the record. Courtney Rybolt (respondent) contends the trial court's order was correct and appellant's appeal is frivolous.  We affirm the trial court's order and deny respondent's request for sanctions on appeal.

1

## LEGAL AND FACTUAL BACKGROUND

On appeal, we must presume the trial court's judgment is correct. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Accordingly, we adopt all intendments and inferences to affirm the judgment or order unless the record expressly contradicts them. (See *Brewer v. Simpson* (1960) 53 Cal.2d 567, 583.)

It is the burden of the party challenging a judgment on appeal to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) The appellate record here does not include a reporter's transcript. We must, therefore, treat this as an appeal " 'on the judgment roll.' " (*Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93.) Accordingly, we are required to conclusively presume the evidence admitted at trial is ample to sustain the trial court's findings; our review is limited to determining whether any error " 'appears on the face of the record.' "[1] (*Id*. at p. 93; *Nielsen v. Gibson* (2009) 178 Cal.App.4th 324, 324-325.)

Here, the limited record we have establishes that following a two-day evidentiary hearing in July 2018, the trial court issued written findings and an order ruling on issues related to custody and visitation of the parties' minor child and respondent's request for attorney fees.

Relative to the order for attorney fees, the trial court found appellant "has frustrated the policy of the law to promote settlement of litigation and, where possible reduce the cost of litigation by encouraging cooperation between the parties; and [¶] . . . [t]he amount of attorney's fees does not impose an[] unreasonable financial burden on [appellant]." The court then ordered appellant to pay to respondent $5,000 in attorney

---

[1] Notably, the exhibits admitted at trial also are not included in the appellate record.

fees as sanctions under Family Code section 271.[2]  The court directed those fees to be paid in monthly installments of $300 beginning August 15, 2018.

DISCUSSION

I

*Attorney Fees*

Appellant claims the court erred in ordering him to pay fees because the court failed to hear argument on the issue of fees and "fail[ed] to consider evidence of parties' income, assets, and liabilities."  He further claims the fees ordered "created an unreasonable burden on [him]."

Our review is limited to determining whether any error " 'appears on the face of the record.' "  (*Kucker v. Kucker*, *supra*, 192 Cal.App.4th at p. 93; *Nielsen v. Gibson*, *supra*, 178 Cal.App.4th at pp. 324-325.)  And on the face of this record, we find no error.

II

*Sanctions On Appeal*

In her brief, respondent asks this court to impose sanctions on appellant for filing another frivolous appeal.  (See *Rybolt v. Riley*, *supra*, (C086056) [nonpub. opn.].)  We will not impose sanctions.

Sanctions may be imposed on appeal.  (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a).)  Sanctions are warranted "only when [the appeal] is prosecuted for an improper motive -- to harass the respondent or delay the effect of an adverse judgment -- or when it indisputably has no merit -- when any reasonable attorney would agree that the appeal is totally and completely without merit."  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)  "The two standards under *Flaherty* are often used together, with

---

[2]  The trial court also ordered appellant to pay Family Code section 271 sanctions in November 2017, which was the subject of a previous appeal in this court.  (*Rybolt v. Riley* (Mar. 24, 2020, C086056) [nonpub. opn.].)  We affirmed that order as well.

3

one providing evidence of the other."  (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1295.)

Here, the appeal is not totally and completely without merit, though it comes close; however, the standard for issuing sanctions is high and, on this record, that standard has not been met.

DISPOSITION

The trial court's order is affirmed.  Respondent's request for sanctions on appeal is denied.  Respondent shall nevertheless recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

/s/_____
Robie, Acting P. J.

We concur:

/s/_____
Hoch, J.

/s/_____
Krause, J.