Filed 9/26/23  Sims v. Kote CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SHARON DEON SIMS et al.,<br><br>　　Plaintiffs and Appellants,<br><br>　　　v.<br><br>PETER C. KOTE, as Trustee etc., et al.,<br><br>　　Defendants and Respondents. | G061460<br><br>(Super. Ct. No. 30-2012-00539610)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Randall J. Sherman, Judge.  Affirmed.

Sharon Deon Sims, in pro. per., for Plaintiff and Appellant.

Daniel Keith Larson, in pro. per., for Plaintiff and Appellant.

Christopher Ryan Perez, in pro. per., for Plaintiff and Appellant.

Erin Ellen Larson, in pro. per., for Plaintiff and Appellant.

Alchehayed Law and Ilian Alchehayed for Defendant and Respondent Peter C. Kote.

No appearances for Defendants and Respondents Dana Kim Perez Shelton and Daniel Scott Perez Larson.

Sharon Deon Sims, Daniel Keith Larson, and Christopher Ryan Perez, beneficiaries of a family trust, appeal from the probate court's judgment approving trustee Peter C. Kote's account and adjudicating other matters. They claim primarily that the late cosettlor Barbara Larson's interest in a deed of trust (DOT) she co-owned with Daniel (her son), and the proceeds from the subsequent sale of the encumbered property, should not have been included in the trust's assets.[1] They contend that after Barbara passed away, her interest in the DOT belonged to her estate, which never went through the probate process, rather than the trust.

We conclude appellants' claim regarding the DOT is barred by res judicata because the probate court previously approved an account that included the DOT as a trust asset. Moreover, even assuming error, appellants have not shown prejudice from the inclusion of the DOT in the trust. We also reject appellants' remaining contentions and therefore affirm.

FACTS

I. *The DOT and the Trust*

In 1991, Barbara and Daniel loaned Dana Kim Perez Shelton (Barbara's daughter and Daniel's sister) $118,000, with specified interest, secured by a DOT on Shelton's home that named Barbara and Daniel as beneficiaries. According to appellants, Barbara and Daniel later agreed to forebear any payments from Shelton until she either sold the property or received an inheritance from her parents.

In 2007, Barbara and her husband, Gerald Larson, created a living trust (Larson Trust) naming their three children (Daniel, Sims, and Shelton) and other relatives

---

[1]  Because Daniel and Barbara shared a last name, we refer to them by their first names. We do not refer to respondent Daniel Scott Perez Larson or appellant Erin Larson, whose role in the litigation is not pertinent to the resolution of this appeal.

as beneficiaries and naming Shelton as first successor trustee.  The trust did not include Barbara's interest in the DOT.  Gerald died in 2010, and Barbara passed away in 2011.  It is undisputed that Barbara's will contained a pour-over provision, devising her entire estate to the trust.  It is likewise undisputed her will never went through the probate process.

After both parents passed away, Shelton sued Daniel, seeking, inter alia, quiet title and declaratory judgment.  She claimed Barbara had acquired Daniel's interest in the DOT and later agreed to relieve Shelton of her debt.  In 2014, after a bench trial, the superior court (Judge Robert D. Monarch) ruled against Shelton and issued a declaratory judgment providing that the note secured by the DOT was payable one-half to Daniel and one-half to the family trust.[2]

That same year, following a petition by Daniel, the probate court (Judge Kim R. Hubbard) removed Shelton as trustee, finding she had a conflict of interest and had breached her fiduciary duties.  The court ordered Shelton to disgorge all previously paid trustee fees, attorney fees, and costs.[3]  It appointed Kote, a professional fiduciary, as successor trustee.  On appeal, this court reversed the probate court's order that Shelton disgorge all fees and costs to the trust.

II. *The First Account and the 2020 Judgment*

In 2015, Kote filed his first trustee's account, in which he included Barbara's interest in the DOT as a trust asset.  Kote served notice of the proceeding on all trust beneficiaries, including Daniel, Shelton, and Sims.  During the lengthy litigation that

---

[2]    It is unclear why the judgment provided that Barbara's share of the note was payable to the trust rather than to her estate.

[3]    During a hearing on these matters, Shelton's counsel asked the court to order Daniel to remove the lien on Shelton's title, but the court stated this was a matter for the civil proceeding and the court did not have jurisdiction over the note, as it was "not part of the trust."

followed, the probate court (Judge David Belz) approved the account but ultimately removed Kote as trustee and appointed Sims as successor trustee. The court also placed the trust under court supervision and ordered that any subsequent payments from trust funds must be pre-approved by the court. Kote successfully challenged certain collateral rulings on appeal. In 2020, following the remittitur from this court, the probate court (Judge Hubbard) issued a judgment approving Kote's first account and making various other orders.

III. *The Bankruptcy Sale and Further Trust Proceedings*

In the meantime, in 2017, appellants filed a petition seeking a declaration that the DOT was not a trust asset, among other prayers for relief. While that petition remained pending, Shelton filed for bankruptcy, and the federal bankruptcy court later approved the sale of her home. The trust received almost $220,000 from the sale proceeds. In 2019, Kote filed his final account, which included the proceeds of the sale in trust assets.[4] Appellants raised various objections to the account, including that the DOT and the proceeds from the bankruptcy sale were not trust property and that before his removal, Kote expended trust funds without court approval in violation of Judge Belz's order.

During a bench trial on appellants' 2017 petition and Kote's final account, the probate court (Judge Randall J. Sherman) stated it was bound by Judge Monarch's 2014 judgment in Shelton's civil action, which provided that Barbara's share of the note secured by the DOT was payable to the trust.[5] The court added that even if it were not bound by that judgment, Barbara's pour-over will meant that "any proceeds received by the note, secured [by] this [DOT], would have gone into the Larson trust." In 2022,

---

[4]    Appellants have not included this final account in the record on appeal.

[5]    Kote incorrectly claims that appellants failed to produce a reporter's transcript on appeal. Appellants have included a reporter's transcript of the bench trial in the record.

following trial, the court denied appellants' 2017 petition and approved Kote's final account.[6] Appellants timely appealed.

## DISCUSSION

We review a probate court's judgment approving an account for abuse of direction. (*Estate of McKenzie* (1962) 199 Cal.App.2d 393, 398.) The court's factual findings are reviewed for substantial evidence (*Estate of Fain* (1999) 75 Cal.App.4th 973, 987), but any legal determination based on undisputed facts is reviewed de novo (*Blech v. Blech* (2018) 25 Cal.App.5th 989, 1000).

In challenging the probate court's 2022 judgment, appellants primarily contend it was error to include in the trust Barbara's share of the proceeds from the sale of Shelton's home. They note the DOT named Barbara individually and claim it therefore became part of her estate, rather than trust property, upon her death. We conclude the probate court's 2020 judgment precluded appellants' claim.[7]

The 2020 judgment approved Kote's first account, which included Barbara's interest in the DOT as a trust asset. Thus, that judgment barred appellants' current claim that Barbara's interest (and the proceeds from the sale of the property) should not have been included in the trust's assets.[8] (See *Lazzarone v. Bank of America*

---

[6] The probate court also denied a request by Sims to distribute funds from the trust. The court issued no statement of decision because appellants' request for one was untimely.

[7] Given our conclusion, we need not consider the effect of Judge Monarch's 2014 judgment in Shelton's civil action.

[8] To the extent appellants suggest Judge Hubbard had ruled in 2014 that Barbara's interest in the DOT was not a trust asset, they are mistaken. As noted, Judge Hubbard's statement that the note secured by the DOT was not part of the trust was in response to a request by Shelton's counsel that the court order Daniel to remove the lien from the property. Thus, Judge Hubbard's statement merely pointed out the obvious— that *Daniel's* interest in the DOT was not part of the trust.

5

(1986) 181 Cal.App.3d 581, 591-592 [order settling account is entitled to res judicata effect and is conclusive as to all matters passed upon].)

Appellants suggest that any judgment concerning the DOT is "void" because Barbara's estate had not gone through the probate process and beneficiaries of her estate never received notice of the underlying proceedings. They are mistaken. Our Legislature anticipated that an unprobated estate may have an interest in a trust administration proceeding. To accommodate the rights of the estate's beneficiaries to proper notice and an opportunity to participate, the Legislature provided in Probate Code section 17203, subdivision (c): "If a person to whom notice otherwise would be given has been deceased for at least 40 days, and no personal representative has been appointed for the estate of that person, and the deceased person's right, title, or interest has not passed to any other person . . . , notice may instead be given to the following persons: [¶] (1) Each heir and devisee of the decedent, and all persons named as executors of the will of the decedent, so far as known to the petitioner." While appellants broadly assert that the beneficiaries of Barbara's estate "have never been named, noticed, served, appeared or joined," they point to no potential beneficiary who did not receive notice of the account proceeding. In fact, Barbara's intestate heirs, her adult children, received proper notice of Kote's first account. (See Prob. Code, § 6402, subd. (a) [if there is no surviving spouse, entire intestate estate passes to decedent's issue].) According to appellants, two of those children, Shelton and Daniel, were also the named executors of Barbara's will.

6

And it is undisputed that Barbara left a pour-over will, devising her estate to the trust, and thus that she had no additional devisees.[9]

Additionally, even assuming the 2020 judgment did not bar appellants' claim and further assuming it was error to treat Barbara's interest in the DOT as trust property, appellants have not shown any resulting harm to them, either as beneficiaries of the trust or otherwise. Indeed, while they assert that including the DOT in the trust caused them "harm" (italics omitted), they offer no meaningful explanation of the alleged harm in their appellate briefs, even after Kote noted in his respondent's brief that appellants failed to argue prejudice. Having failed to meaningfully argue that they have suffered prejudice, appellants cannot establish reversible error: "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial. [Citations.]" (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) Moreover, given that Barbara's will devised her interest in the DOT to her trust and that appellants have not proffered any valid ground precluding a transfer of her interest to the trust, there is no reasonably probable scenario under which that interest would not have ultimately passed to the trust. (See *Sabato v. Brooks* (2015) 242 Cal.App.4th 715, 724-

---

[9] For the first time in their reply brief, appellants assert that Barbara's will did not specifically identify her interest in the DOT as being part of her estate devised to the trust and thus the statute of frauds rendered any testamentary intent to transfer that interest to the trust ineffective. Initially, by failing to raise the issue in their opening brief, they have forfeited this contention. (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1295 ["we will not address arguments raised for the first time in the reply brief"].) Moreover, an assignment need not specifically identify conveyed real property to satisfy the statute of frauds. (*Ukkestad v. RBS Asset Finance, Inc.* (2015) 235 Cal.App.4th 156, 163 [trust instrument's reference to "'*all* of [the settlor's] real and personal property, including . . . real property . . . , wherever situated'" satisfied statute of frauds].) Appellants' reliance on dicta to the contrary in *Kucker v. Kucker* (2011) 192 Cal.App.4th 90, is misplaced. (See *Ukkestad*, at p. 163, fn. 7 [rejecting *Kucker*'s remark on this point as unpersuasive dicta].)

725 [miscarriage of justice exists only where "'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error'"].)

In the argument section of their opening brief, appellants add the following conclusory claims: (1) "Kote's accountings do not comply with Prob[ate] Code [section] 1060 et seq., Prob[ate] Code [section] 16060 et seq. and Larson Trust [section] 7.25"; (2) "Removed trustee Shelton abused her power, breached her fiduciary duty and weaponized the Larson Trust to contest, attack and deny Barbara's DOT"; (3) "Removed trustee Kote abused his power, breached his fiduciary duty and repeated Shelton's weaponizing the Larson Trust to contest, attack Barbara's DOT from a value of $112,200.00 to $61,030.71"; (4) "Shelton was ordered to disgorge all her charges back to the Larson Trust"; and (5) "Kote should be ordered to disgorge his $445,900.51 charges back to the Larson Trust." These undeveloped assertions, devoid of any meaningful analysis, cannot establish error in the probate court's judgment. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 [on appeal, trial court's judgment is presumed to be correct, and appellant bears burden to affirmatively establish error]; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [we need not reach issues presented without argument and will not develop appellants' arguments for them].)

We additionally observe that appellants have not included Kote's final account in the record on appeal. Because they have failed to provide an adequate record for our review of the relevant account, we must resolve their challenges to the account against them. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [failure to furnish adequate record of attorney fee proceedings defeated appellants' challenge to fee award].) As for appellants' claim that Shelton was ordered to disgorge funds to the trust, we note this court reversed that portion of Judge Hubbard's 2014 order. And to the extent appellants complain that Kote expended trust funds without prior court approval in violation of Judge Belz's order, the probate court subsequently approved Kote's expenditures, as reflected in the final account, and appellants offer neither argument nor

8

authority suggesting the expenditures must be repaid to the trust under these circumstances.  Accordingly, we find no reversible error in the probate court's judgment.[10]

DISPOSITION

The judgment is affirmed.  Kote is awarded costs on appeal.

O'LEARY, P. J.

WE CONCUR:

GOETHALS, J.

SANCHEZ, J.

---

[10] In a "Preface" section of their opening brief, appellants state, "Judge Sherman's order denying Sims access to any Larson Trust funds to preserve, administer and distribute the Larson Trust, is untenable."  Because they raise no claim in this regard in the argument section of their brief, we do not consider this assertion.  (*Hollingsworth v. Heavy Transport, Inc.* (2021) 66 Cal.App.5th 1157, 1172, fn. 3 [legal contentions forfeited where they were alluded to in introduction of opening brief but not included in argument section under an appropriate heading].)