Filed 11/19/24  Estate of Dawson CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| Estate of DORIS ROSE DAWSON, Deceased. | 2d Civil No. B336324 (Super. Ct. No. 56-2022-00567630-PR-LA-OXN) (Ventura County) |
| DONALD K. DAWSON, Petitioner and Appellant, v. TABITHA CASTRO, Objector and Respondent. | |

Donald K. Dawson (Dawson) appeals from an order denying a petition to rescind the transfer of title of a mobile home and include it and specified funds in the estate of decedent Doris Rose Dawson.  (Prob. Code, § 850 et seq.)  Dawson contends the trial court erred when it: (1) excluded an expert opinion that a release of ownership of the mobile home was not signed by decedent, (2) failed to find withdrawals from decedent's bank account were

unauthorized, and (3) failed to find elder abuse. He also contends his counsel provided ineffective assistance, and he was denied equal protection of the law. The order is appealable. (Prob. Code, § 1300, subds. (a) & (k).) We affirm.

FACTUAL AND PROCEDURAL HISTORY

Dawson is the administrator of the estate of his mother, the decedent. He filed an amended petition to rescind transfer of a mobile home from decedent to her daughter, Tabitha Castro. The amended petition alleged the mobile home was worth approximately $175,000, Castro purchased it for $1, decedent was not competent to transfer the property, and the signature on the release of ownership form was not genuine. It also asked that Castro reimburse the estate for $20,507.56 she allegedly misappropriated from decedent's bank account and $1,500 for the sale proceeds of decedent's personal property. (Prob. Code, § 850 et seq.; *Estate of Ashlock* (2020) 45 Cal.App.5th 1066, 1073.) The amended petition also sought penalties of twice the value of the property taken. (Prob. Code, § 859; *Ashlock*, at p. 1077.)

Several witnesses testified at the evidentiary hearing. No court reporter was present and there is no verbatim transcript. Four exhibits were admitted on behalf of Dawson and five exhibits on behalf of Castro.

The trial court denied Dawson's claims. The court ruled it could not find: the signature on the release of ownership was not the signature of decedent, there was fraud regarding the signature, or withdrawals from decedent's bank account were unauthorized. The court also ruled the elements of elder abuse were not established.

DISCUSSION

This appeal comes to us on the clerk's transcript only. It includes a minute order of the trial court's order, pleadings filed by Dawson, exhibits from the evidentiary hearing, and the case register.

" ' " ' "A judgment or order of the lower court is *presumed correct*. . . . and error must be affirmatively shown." ' " ' " (*In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 8 (*Obrecht*).) " 'It is the burden of appellant to provide an accurate record on appeal to demonstrate error.' " (*Id.* at p. 9.) Because there is no reporter's transcript or settled statement of the evidence at the hearing, we must presume the unreported testimony supports the trial court's order. (*Ibid.*; *In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992 (*Fain*).) In addition, Dawson has presented a judgment roll appeal which cannot serve as a basis to attack the sufficiency of the evidence to support the judgment. (*Williams v. Inglewood Board of Realtors, Inc.* (1963) 219 Cal.App.2d 479, 481-483; see *Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93.)

Dawson initially contends the trial court erred when it excluded the expert opinion of a certified questioned document examiner that decedent did not sign the release of ownership of the mobile home. The court admitted the expert's report offered by Dawson, but was not convinced by its conclusion, finding, "The Court does not accept the Expert's opinion as to the signature of the Decedent." It also found it "can not conclude that the signature on the document is not the signature of the Decedent."[1]

We reject this contention because whether to accept or

---

[1] The only exhibit the court did not admit was offered by Castro, after sustaining Dawson's objection.

3

reject the expert's opinion was within the authority of the trial court as the finder of fact. (*Lauderdale Associates v. Department of Health Services* (1998) 67 Cal.App.4th 117, 126-127 [trial court properly disagreed with expert opinion regarding gross negligence]; *People v. Bullock* (1958) 166 Cal.App.2d 494, 497 [weight and effect of handwriting expert's opinion a matter for trier of fact].) We must presume the unreported testimony supported the trial court's conclusion. (*Obrecht*, *supra*, 245 Cal.App.4th at pp. 8-9; *Fain*, *supra*, 75 Cal.App.4th at p. 992.)

Dawson also contends that Castro's withdrawals from decedent's bank account were unauthorized, and Castro's explanations were "unworthy of belief." The trial court admitted documentation offered by Dawson regarding the withdrawals, but was not convinced they were unauthorized. The court found Castro's testimony "credible as to the [withdrawals] from the Decedent's bank account." On appeal, "[w]e may not reweigh the evidence and are bound by the trial court's credibility determinations." (*Estate of Young* (2008) 160 Cal.App.4th 62, 76.)

Dawson additionally contends decedent was in mental decline and was the victim of financial elder abuse regarding the transfer of the mobile home and the withdrawals from the bank account. But the trial court concluded Dawson had not established the elements of elder abuse. (Welf. & Inst. Code, § 15610.30; see *Mahan v. Charles W. Chan Ins. Agency, Inc.* (2017) 14 Cal.App.5th 841, 856-857.) Again, we must presume the unreported testimony supported the trial court's conclusion. (*Obrecht*, *supra*, 245 Cal.App.4th at pp. 8-9; *Fain*, *supra*, 75 Cal.App.4th at p. 992.)

Dawson further contends his counsel was ineffective. We

reject this contention because the doctrine of ineffective assistance of counsel applies to criminal cases and limited categories of civil cases not applicable here, such as " 'where the litigant may lose his physical liberty if he loses the litigation' " (*In re Marriage of Campi* (2013) 212 Cal.App.4th 1565, 1574), juvenile dependency proceedings (*id*. at p. 1575), and LPS conservatorships (*Conservatorship of David L.* (2008) 164 Cal.App.4th 701, 710).

Dawson also contends he was denied equal protection of the law. For example, he contends the trial court considered a letter from a doctor offered by Castro regarding decedent's condition but "excluded Dawson from reading" a contradictory letter from the doctor. The record shows the court admitted all exhibits offered by Dawson. To the extent he contends the trial court gave unfair preference to the evidence presented by Castro, the appellate record does not demonstrate error.

Dawson finally contends the trial court improperly took judicial notice of "Presumptions regarding capacity and the Probate Sections stated by [Castro]." No error has been shown because courts are required to take judicial notice of "[t]he decisional, constitutional, and public statutory law of this state." (Evid. Code, § 451, subd. (a).)

Dawson correctly notes the lack of a reporter's transcript limits his ability to challenge the trial court's rulings on appeal. Court reporters in probate matters in Ventura County Superior Court are not available to a party without a fee waiver. (Super. Ct. Ventura County, Local Rules, rule 18.00 D.) Because the trial court granted Dawson a fee waiver, he was entitled to the presence of a court reporter *upon request*. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 599-600, 623; Cal. Rules of Court, rule

5

2.956(c)(2); Super. Ct. Ventura County, Local Rules, rule 18.00 G.)  But Dawson does not contend, and the record does not show, that he made such a request.  Without a request for a court reporter, the trial court was not obligated to provide one.

DISPOSITION

The order of March 11, 2024, is affirmed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.


6

Roger L. Lund, Judge

Superior Court County of Ventura

_____

Donald K. Dawson, in pro. per., for Petitioner and Appellant.

Tabitha Castro, in pro. per., for Objector and Respondent.